UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

-----------------------------------------------------

JOY CASTRO

        Plaintiff,

v.                                 Civil Action No.

NORTHERN ASSET MANAGEMENT, LLC
AND FRANK SANTIAGO

        Defendants.

-----------------------------------------------------

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendants transact business in this State and this district.

## PARTIES

4. Plaintiff, Joy Castro ("Plaintiff"), is a natural person who at all

-1-

relevant times resided in the State of Tennessee, County of Davidson, and City of Nashville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Northern Asset Management, LLC ("NAM") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant, Frank Santiago ("Mr. Santiago") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8. "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

9. Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); see *Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v.*

*Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

10. Northern Asset Management, LLC and Frank Santiago ("Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

12. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arise from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

13. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. Within one (1) year preceding the date of this Complaint, Defendants made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

-3-
Case 3:11-cv-00022   Document 1   Filed 01/06/11   Page 3 of 8 PageID #: 3

15. Within one (1) year preceding the date of this Complaint, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

16. Defendants (via their agent and/or employee "Jack Malone") placed a telephone call to Plaintiff's sister-in-law in which Defendants disclosed to said third party and circumstances regarding an alleged debt owed by Plaintiff. (15 U.S.C § 1692b(2) & § 1692c(b)).

17. Defendants (via their agent and/or employee "Jack Malone"), left voicemail messages on Plaintiff's cellular telephone on August 23, 2010 at 12:00 P.M. CST and 3:08 P.M. CST, and in each such instance, failed to notify Plaintiff that the call was from a debt collector. (15 U.S.C. § 1692e(11)).

18. Defendants (via their agent and/or employee "Jack Malone") stated in a voicemail message left on Plaintiff's cellular telephone on August 23, 2010 at 12:00 P.M. CST that (a) Defendants were a "processing firm," (b) Plaintiff's alleged debt was to be submitted for "execution of default judgment," misrepresenting that the legal status of Plaintiff's alleged debt was ripe for default, and (c) referred to Defendants' collection efforts as "proceedings," misrepresenting that Plaintiff's alleged debt was in litigation, whereas in fact, it was not.

19. Such misrepresentations concerning Plaintiff's debt further

misrepresented the level of meaningful attorney involvement in the collections process, as such actions would require the use of an attorney, which was not the case at the time the statements were made, and were representations of actions that Defendants did not intend to take. (15 U.S.C. §§ 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10)).

20. Defendants placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system. (47 U.S.C. 227(b)(1)(A)(iii)).

21. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I
## DEFENDANT NAM

22. Plaintiff repeats and re-alleges each and every allegation contained above.

23. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## DEFENDANT MR. SANTIAGO

24. Plaintiff repeats and re-alleges each and every allegation contained above.

25. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that Defendant violated the FDCPA;

h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## DEFENDANT NAM

26. Plaintiff repeats and re-alleges each and every allegation contained above.

27. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

28. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: 1/3 , 20 11

Respectfully submitted,

Joy Castro

By: *Paul K. G* (signature)

Paul K. Guibao
Attorney for Plaintiff
Weisberg & Meyers, LLC
1448 Madison Avenue
Memphis, TN 38104
Telephone: (888) 595-9111 ext. 227
Facsimile: (866) 565 1327
Email: ~~PGauibao@AttorneysForConsumers.com~~
PJuibao@gmail.com

*Please send correspondence to the address below*

Paul K. Guibao
Weisberg & Meyers, LLC
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012